## ANNONI et al. v. BLAS NADAL'S HEIRS et al.
### No. 3218.

Circuit Court of Appeals, First Circuit.
Jan. 26, 1938.

Sidney L. Fishkin, of New York City (Jose Sabater, of Mayaguez, Puerto Rico, on the brief), and Edward A. Welti, of New York City, for appellants.

Oscar Souffront, of Mayaguez, Puerto Rico, for appellee Carmen Maria Nadal Carrion.

Frank Martinez, of San Juan, Puerto Rico, for appellees Bianchi and Cabrera.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This was a suit entered in the District Court of Mayaguez in February, 1931, to recover a half interest in a sugar plantation situated in the municipality of Mayaguez in Puerto Rico.

The defendants filed a demurrer to the complaint. The Judge of the District Court of Mayaguez, owing to his family and friendly relations with one of the defendants, "decided to inhibit from acting in the trial of the case" and communicated that fact to the Attorney General of Puerto Rico. The then acting Governor, Jose Padin, on October 24, 1931, appointed one Tomas Torres Perez, to act as judge in this case. The following is the order of appointment signed by the Acting Governor:

"Whereas there is a civil case pending trial in the District Court of Mayaguez (giving the title of the case)

"Whereas the District Judge of Mayaguez has inhibited from acting in the trial of said case,

514

"Therefore, I, Jose Padin, Acting Governor of Puerto Rico, by virtue of the authority in me vested by law, do hereby designate and appoint Mr. Tomas Torres Perez, Deputy Attorney General, to act as Judge of the District Court of Mayaguez for the trial and disposition of the above mentioned case.

"Dated Oct. 24, 1931."

The parties, without objecting to the appointment, went before Perez, who heard the demurrer and sustained it.

The plaintiffs by their counsel then filed a motion before Judge Foote, the regular District Judge, to the effect that everything done by Tomas Torres Perez be declared null and void on the ground that he had no authority to act as judge in the case by reason of the provisions of section 84 of the Code of Civil Procedure, Rev.St. & Codes 1913, § 5068.

Judge Foote evidently considered that he was disqualified so far as taking any action in the case and refused to rule on the plaintiffs' motion.

The plaintiffs then appealed to the Supreme Court of Puerto Rico from the decision of Tomas Torres Perez sustaining the demurrer. The Supreme Court ruled that, while it had decided that the method employed in the case was not the proper way to obtain a substitute, citing Saavedra v. Mestre, Judge of the District Court of Aguadilla, 43 P.R.R.—and in its opinion said: "We are fairly well convinced that mandamus was the proper remedy in such a case to compel the District Judge to act in accordance with section 84 of the Code of Civil Procedure," it held that Tomas Torres Perez was a judge de facto and the plaintiffs were bound by his decision.

The plaintiffs appealed from the decision of the Supreme Court of Puerto Rico to this court.

We think the Supreme Court erred in holding that Tomas Torres Perez was a judge de facto, and the case should be sent back to the District Court with instructions to the regular judge of that court to act in accordance with section 84 of the Code of Civil Procedure.

There appear to be three sections under which, in the absence or disqualification of the regular judge of a district court, a substitute may be appointed, or the case transferred to another court.

Section 2 of the act reorganizing the judiciary of Puerto Rico, p. 244 of vol. 1,

Revised Statutes and Codes of Puerto Rico 1911, Rev.St. & Codes Puerto Rico 1913, § 1149, provides "that the Governor, upon the recommendation of the Attorney General, *may*, if the public service requires it, order any other district judge to fulfill the duties of any judge regularly appointed, when he is temporarily disqualified: * * * And provided further, That in cases of absolute necessity, * * * upon recommendation of the Attorney General [*may*] appoint a substitute judge for such time as may be necessary."

Section 21 of the Code of Civil Procedure, Rev.St. & Codes 1913, § 5005, provides that, upon the request of a judge of any district a judge of another district may hold court in the district of the judge making the request; or the Governor, in case of disability of any judge of a district court or absence from the Island, or for any other cause, *may* direct some other judge to hold court in the district of the judge so incapacitated; or if the regular district judge is otherwise engaged, the Governor *may* appoint a substitute judge during the time the regular judge is disqualified.

But neither of the conditions warranting the appointment of a substitute judge existed in this instance. Judge Foote was neither ill nor absent from the Island, or "otherwise engaged," nor did any absolute necessity exist for the appointment of a substitute judge to hold the court in Mayaguez.

It is clear that these sections only authorize the Governor to act where by reason of the incapacity or absence of the regular district judge no judicial business can be transacted. The substitute judge in such case is appointed to "hold court," not to hear a particular case. Saavedra v. Mestre, supra. Judge Foote was not disqualified from holding his court and transacting all other judicial business except the hearing of this one case.

It is also clear that section 84 of the Code of Civil Procedure 1911, Rev.St. & Codes 1913, § 5068, is the section applicable to the situation here, which provides that when an action is pending in a district court and the regular judge is disqualified for any reason from hearing it, it *must* be transferred to another district. It is obvious that Judge Foote could and should have acted under this section.

Was Perez then a de facto judge because the parties raised no objection to his action as judge in this case? We think he was not. In order that there may be a de facto judge, there must be a de jure office to be filled. Norton v. Shelby County, 118 U.S. 425, 441, 6 S.Ct. 1121, 1125, 30 L.Ed. 178; United States v. Royer, 268 U.S. 394, 397, 45 S.Ct. 519, 520, 69 L.Ed. 1011; Anniston Mfg. Co. v. Davis, 5 Cir., 87 F.2d 773, 780. In Norton v. Shelby County, supra, the court said: "But it is contended that if the act creating the board was void, and the commissioners were not officers de jure, they were nevertheless officers de facto, and that the acts of the board as a de facto court are binding upon the county. This contention is met by the fact that there can be no officer, either de jure or de facto, if there be no office to fill."

In United States v. Royer, supra, the court said: "Of course, there can be no incumbent de facto of an office if there be no office to fill," citing Norton v. Shelby County, supra.

In Anniston Mfg. Co. v. Davis, supra, the court quoted with approval the language quoted from Norton v. Shelby County, supra.

There is no de jure office to be filled under the Puerto Rican statutes in case a regular judge is disqualified to hear a single *pending case*. The case *must* be transferred to another district in accordance with the provisions of section 84. The only office that can be filled by the Governor by the appointment of a substitute is one to which a substitute may be appointed so long as the conditions defined in section 2 of the act reorganizing the Judiciary of Puerto Rico, or in section 21 of the Code of Civil Procedure 1911, Rev.St. & Codes 1913, § 5005, may exist and to transact all judicial business that in the ordinary course may come before it. There being no de jure office to be filled, Perez was neither a de jure nor a de facto judge. He did not become a de facto judge by consent of the parties in trying this case. As his acts were null and void, the case must be sent back to the District Court of Mayaguez for proceedings in accordance with section 84 of the Code of Civil Procedure.

The judgment of the Supreme Court of Puerto Rico is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.