**ANNONI et al. v. NADAL'S HEIRS et al.**

**No. 3795.**

Circuit Court of Appeals, First Circuit.

May 14, 1943.

Jose Sabater, of Mayaguez, P. R., and Edward A. Welti, of Brooklyn, N. Y., for appellants.

Oscar Souffront, of Mayaguez, P. R., and Frank Martinez, of San Juan, P. R., for appellees.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

On February 25, 1931, the plaintiffs, as the testamentary heirs of Ernesto Patxot, brought a revendicatory action in the District Court of Mayaguez, Puerto Rico, against the heirs of Blas Nadal, the sole heir of Salvador Nadal, and Juan Bianchi [1] and Guillermo Cabrera, to obtain possession of an undivided half interest in a sugar plantation named Altagracia. The defendants severally demurred and their demurrers were sustained by a judge on commission appointed by the Governor of Puerto Rico, the regular judge of the insular district court having disqualified himself for relationship to one of the parties.

---

[1] Juan Bianchi died while this action was pending and by order of court his heirs were substituted in his stead.

defendant. On appeal the Supreme Court of Puerto Rico (50 P.R.R. 498) held that the judge acting on commission became a judge de facto by the consent of the parties and affirmed his order sustaining the demurrers on the ground that the complaint did not state a cause of action and because the action was barred by the statute of limitations. On appeal to this court (94 F.2d 513) the judgment of the Supreme Court of Puerto Rico was reversed and the case was remanded for further proceedings on the ground that the judge acting on commission was not a de facto judge, there being no de jure office for him to fill; this court saying in its opinion that under the circumstances the case ought to have been transferred to another insular district in accordance with the provisions of § 84 of the Code of Civil Procedure of Puerto Rico. In view of its conclusion this court did not then consider the merits of the case.

On remand in accordance with the mandate of this court there was a hearing de novo before the then regular district judge of the District Court of Mayaguez, the one who had previously disqualified himself having in the meantime been superseded, and the demurrers were again sustained. On appeal the Supreme Court of Puerto Rico again affirmed, largely on the basis of its prior opinion from which it quoted at length, but which it elaborated to some extent, and the plaintiffs then took this appeal to us. They invoke our jurisdiction under § 128 of the Judicial Code, as amended, 28 U.S.C.A. § 225, the amount in controversy, exclusive of interest and costs, being in excess of $5,000.

On this appeal the case is before us on its merits. We must therefore briefly summarize the facts alleged in the complaint.

In 1890 Blas Nadal, both individually and as liquidator of Nadal and Company, entered into a written agreement with Ernesto Patxot, both individually and as liquidator of Patxot and Company, for the purpose of adjusting and liquidating controversies arising out of previous business transactions. According to the terms of this agreement Blas Nadal as liquidator sold an undivided half interest in Altagracia, title to which appeared in the registry of property in the name of Nadal and Company, to Ernesto Patxot at an agreed valuation and the two as individuals entered into a partnership for the exploitation of the farm for the period of ten years. The sale of the undivided half interest in the farm was made subject to the liens which then encumbered it and the newly formed partnership assumed liability therefor. This agreement was first executed in the form of a private document but in 1895 it was executed in the form of a public document. It was never recorded in the registry of property and no mention of it whatever there appears.

In 1897 Ernesto was declared by the former Court of First Instance of the City of Mayaguez to be of unsound mind and incapacitated and a tutrix was appointed to manage his affairs. During the following year the tutrix died and no one was ever appointed in her stead.

On January 3, 1898, Salvador Nadal, a cousin of Blas Nadal, instituted proceedings to foreclose a mortgage which he held on Altagracia. In these proceedings neither Ernesto nor his tutrix were served, but only Blas as liquidator of Nadal and Company. Foreclosure was decreed and the farm was adjudicated to Salvador on December 26, 1899.

It is alleged in the complaint that the mortgage foreclosed by Salvador was invalid; that Salvador knew of the agreement between his cousin Blas and Ernesto Patxot and knew that they were the joint owners of Altagracia, share and share alike, and that both Salvador and Blas also knew that Ernesto had been judicially declared incapacitated and that a tutrix had been appointed for him. The complaint then goes on to allege that Salvador and Blas in conspiracy with one another prosecuted the foreclosure proceeding "with the object of defrauding Ernesto Patxot Blanch and of depriving him", of his one-half undivided interest in Altagracia; and that in order to carry out their object they, in spite of what they knew, did not serve either Ernesto or his tutrix in the foreclosure proceedings.

The judicial sale of Altagracia made to Salvador in 1899 as a consequence of his foreclosure against Nadal and Company was duly recorded in the registry of property of Mayaguez, and in 1907 he sold the farm to Juan and Francisco Bianchi. In the same year Francisco sold his share to the defendant, Guillermo Cabrera. Both of these conveyances were also recorded so that, from all that appears in the registry, Bianchi and Cabrera since 1907 have had a clear title to Altagracia.

In both of its opinions in this case the Supreme Court of Puerto Rico in passing

on the merits held that Patxot's failure to record his interest in Altagracia was fatal to the plaintiff's cause of action. In its opinions the court proceeds upon the theory that since the instrument under which Patxot's heirs claim was neither recorded nor mentioned in the registry, and since, according to the registry, title to the farm at the time of the foreclosure proceedings was in Nadal and Company, Salvador Nadal, no matter what he knew, was entitled to proceed with his foreclosure without making Patxot a party thereto because "An executing creditor need only pay attention to the debtor as he appears in the registry".

In both of its opinions the Supreme Court of Puerto Rico also held that the plaintiffs had lost their right of action by prescription.

On appeal to us the plaintiffs-appellants contend that the Supreme Court of Puerto Rico fell into clear error in holding (1) that the complaint fails to state facts sufficient to constitute a cause of action, (2) that the plaintiffs' action has prescribed and (3) that the period of prescription was not interrupted by an action similar to this one brought in 1912 by Ernesto Patxot against Salvador Nadal and Blas Nadal's heirs, but not against Bianchi and Cabrera, which was dismissed for lack of prosecution.

Since we are not persuaded that the Supreme Court of Puerto Rico was clearly wrong in concluding that the plaintiffs had failed to allege in their complaint facts sufficient under local law to sustain their revendicatory action, we need not consider the question of prescription.

Article 34 of the Mortgage Law (Rev. Stats. and Codes of Puerto Rico 1911, § 6718) provides, so far as here material, that "instruments or contracts executed or entered into by a person who, according to the registry, has the right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

"Only by virtue of a recorded instrument may another later instrument, also recorded, be invalidated to the prejudice of a third person * * *."

Since the conveyance of Salvador Nadal to the Bianchis was an instrument executed by one who, according to the registry, had the right to do so, and since it is not alleged that the Bianchis and the grantee of one of them, Cabrera, had any knowledge of any defect in their grantor's title and no defect therein appeared in the registry, it follows that, as third parties, their titles cannot be invalidated by these plaintiffs who claim under a prior unrecorded instrument. Diaz v. Perez, 1 Cir., 54 F.2d 588, 591 and cases cited.

But the Supreme Court of Puerto Rico has gone further and indicated that Salvador Nadal, in spite of his knowledge of Ernesto Patxot's unrecorded interest and of his incapacity, and in spite of his purpose to defraud, was entitled to rely on the record in foreclosing his mortgage, and having done so, and his foreclosure proceedings having been properly prosecuted, also acquired a title which the plaintiffs could not have invalidated. This holding seems to be contrary to previous decisions of the Supreme Court of Puerto Rico, (Ninlliat v. Surinac, 24 P.R.R. 61; Febre v. Febre, 40 P.R.R. 208; see also People v. Riera, 27 P.R.R. 1, 15, 16). But we do not need to consider whether or not it is correct, because even though Salvador's title was invalid as to these plaintiffs, still, from all that appeared in the registry, he had a clear title in 1907 which he could convey. Having this, the statute quoted above gave him the power to convey a valid title to his grantees, they being third parties without notice, and thus his conveyance to them put the title of Altagracia out of the plaintiff's reach.

This is not to say that the plaintiffs never had a cause of action for damages against Salvador for his fraud. If he defrauded Ernesto his heirs can presumably be made to respond in money damages, unless the statute of limitations has run on such an action, even though the land of which he defrauded Ernesto cannot now be recovered.

The judgment of the Supreme Court of Puerto Rico is affirmed with costs to the appellees.